

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CARLEEN BLACK AND KACE WHITAKER, § § § | |
| PLAINTIFFS, § § | |
| V. § | CAUSE NO. A-07-CA-924-LY |
| § § | |
| PAN AMERICAN LABORATORIES, LLC; PAMLAB, LLC; SAMUEL CAMP; AND STEPHEN CAMP, § § § § | |
| DEFENDANTS. § § | |

## FINAL JUDGMENT

Before the Court is the above-entitled and numbered cause. Plaintiffs Carleen Black and Kace Whitaker brought this action against Defendants Pan American Laboratories, LLC ("Pan Am"); Pamlab, LLC ("Pamlab"); Samuel Camp; and Stephen Camp, alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Labor Code. *See* 42 U.S.C. § 2000e *et seq.* (2003); Tex. Labor Code Ann. § 21.051 (West 2006). Black and Whitaker filed suit in the 353rd Judicial District of Travis County, Texas, and Defendants removed the action to this Court on November 5, 2007. Black alleged discrimination on the basis of sex, retaliation, and creation of a hostile work environment in violation of Title VII and the Texas Labor Code. Whitaker alleged discrimination on the basis of religion and sex, retaliation, and creation of a hostile work environment in violation of Title VII and the Texas Labor Code. Black and Whitaker also allege Texas state-law claims against all Defendants for intentional infliction of emotional distress.

On May 21, 2008, the Court granted Defendants' motion to dismiss Black's and Whitaker's

Title VII and Texas Labor Code claims against Samuel Camp and Stephen Camp individually and dismissed such claims (Clerk's Document 29). On May 13, 2009, the Court granted summary judgment in Defendants' favor on all of Whitaker's claims (Clerk's Document 105) and ordered that Whitaker take nothing on his claims. Also on May 13, 2009, the Court granted summary-judgment on Black's claims of sex discrimination based on certain pre-termination actions of Defendants, Black's hostile-work-environment claim, and Black's intentional-infliction-of-emotional-distress claim. The Court ordered that Black take nothing on such claims.

The case proceeded to trial against Pan Am and Pamlab on (1) Black's claim that Pan Am and Pamlab discriminated against her on the basis of sex by giving her a higher sales quota than her male counterpart in violation of Title VII and the Texas Labor Code; (2) Black's claim that discrimination on the basis of sex led to her termination in violation of Title VII and the Texas Labor Code; and (3) Black's claim that retaliation led to her termination in violation of Title VII and the Texas Labor Code.

On June 9, 2009, at the close of Black's case in chief, Defendants Pan Am and Pamlab moved for judgment as a matter of law, which the Court denied. On June 10, 2009, at the close of Pan Am and Pamlab's case in chief, Pan Am and Pamlab again moved for judgment as a matter of law, which the Court denied. The case was submitted to the jury on June 10, 2009, after which the jury returned a verdict on June 11, 2009 (Clerk's Document No. 149).

Today by separate order the Court granted in part and denied in part Defendants' Renewed Motion for Judgment as a Matter of Law, Alternative Motion for New Trial, Alternative Motion to Amend Judgment, and Alternative Motion for Remittur (Clerk's Document 150) and granted in part and denied in part Plaintiff's Motion for Entry of Judgment (Clerk's Document 151).

Accordingly, the Court renders this Final Judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that Black's and Whitaker's Title VII and Texas Labor Code claims against Stephen Camp and Samuel Camp individually are **DISMISSED**.

**IT IS FURTHER ORDERED** that the following claims by Black are **DENIED,** and Black shall **TAKE NOTHING** on such claims: Black's Title VII and Texas Labor Code claims that Pan Am and Pamlab discriminated against her on the basis of sex in the areas of moving expenses, sales commissions, incentive points, and salary; Black's Title VII and Texas Labor Code claims that Pan Am and Pamlab created a hostile work environment, and Black's state-law claim against Pan Am, Pamlab, Samuel Camp, and Stephen Camp for intentional infliction of emotional distress.

**IT IS FURTHER ORDERED** that Whitaker's claims that Pan Am and Pamlab discriminated against him on the basis of religion and sex, retaliated against him, and created a hostile work environment in violation of Title VII and the Texas Labor Code; and Whitaker's state-law claim against Pan Am, Pamlab, Samuel Camp, and Stephen Camp for intentional infliction of emotional distress are **DENIED,** and Whitaker shall **TAKE NOTHING** on such claims.

**IT IS FURTHER ORDERED** that Plaintiff Carleen Black shall recover from Defendants Pan American Laboratories, LLC and Pamlab, LLC, jointly and severally, $300,000 in back pay and $200,000 in compensatory and punitive damages. *See* 42 U.S.C. § 1981a; Tex. Labor Code § 21.2585.

**IT IS FURTHER ORDERED** that Plaintiff Carleen Black recover from Defendants Pan American Laboratories, LLC and Pamlab, LLC, jointly and severally, prejudgment interest at a rate of .41 percent *per annum* on the sum of $500,000, beginning April 16, 2006, through September 29,

2009, which is the day before the Court signed the Final Judgment in this cause, in the amount of $7,125. *See* 28 U.S.C. § 1961; *see Williams v. Trader Pub. Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (per curiam).

All of the above shall bear interest at the rate of .41 percent from the day of this Final Judgement until paid.

SIGNED this 30th day of September, 2009.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE